## IV.

Lastly, appellant argues that the Texas capital sentencing scheme violates the Eighth and Fourteenth Amendments to the U.S. Constitution because the probability that one will commit future acts of violence is impossible to predict.[10] This issue has been addressed at length in the past. The holdings in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1980); and *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) have all considered this issue and have found contrary to appellant's position. Likewise this Court has considered this issue many times, and we decline to reconsider it here. *See, Chambers v. State*, 568 S.W.2d 313 (Tex.Cr.App. 1978). Accordingly, appellant's eleventh point of error is overruled.

The judgment of the trial court is affirmed.

McCORMICK, P.J., and BENAVIDES, J., concur in the result.

CLINTON, J., dissents.

MALONEY, J., dissents to Part II.

B. Dwight Goains, Waco, Walter M. Reaves, Jr., West, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

A jury convicted appellant of the felony offense of driving while intoxicated and assessed punishment at confinement for twenty years and a fine of $5,000.00. The Court of Appeals affirmed the conviction. *Dawkins v. State*, 822 S.W.2d 668 (Tex. App.—Waco, 1991).

Appellant raises four grounds for review. After careful review we refuse appellant's petition for review. However, as is true in every case where discretionary review is refused, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). With this understanding, we refuse appellant's petition for discretionary review.

Stephen Warren DAWKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 103–92.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

Edwin Ray McGEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 044–92.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

---

**10.** Point of Error Number Eleven: THE TEXAS DEATH PENALTY STATUTE PROVIDES FOR THE CAPRICIOUS IMPOSITION OF THE DEATH PENALTY IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION BECAUSE FUTURE DANGEROUSNESS OR THE PROBABILITY THAT ONE WILL COMMIT FUTURE ACTS OF VIOLENCE IS IMPOSSIBLE TO PREDICT.